UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| GREG SOUTHALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:21-cv-00039-HAB-SLC |
| ) | |
| AVI FOOD SYSTEMS, INC., ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court is Defendant AVI Food Systems, Inc.'s ("Defendant") motion to compel filed on October 27, 2021 (ECF 21), seeking to compel Plaintiff Greg Southall ("Plaintiff"), who is now proceeding *pro se* (*see* ECF 17, 22, 30), to fully respond to Defendant's outstanding written discovery requests served on April 28, 2021 (ECF 21-1 at 1, 4-44). Plaintiff has not filed a response to the motion, and his time to do so has passed. N.D. Ind. L.R. 7-1(d)(3)(A). For the following reasons, Defendant's motion to compel will be GRANTED.

*A. Procedural Background*

Plaintiff, via his counsel at the time, filed this race discrimination suit against Defendant on January 27, 2021. (ECF 1). On April 28, 2021, Defendant served Plaintiff with its First Set of Interrogatories and First Request for Production of Documents. (ECF 21-1 at 1, 4-44). On April 29, 2021, this Court conducted a scheduling conference, setting a discovery deadline of October 29, 2021. (ECF 15; ECF 16 at 1). On July 13, 2021, Plaintiff, via his counsel, belatedly responded to the discovery requests. (ECF 21-1 at 1-2, 45-70).

Defendant's counsel deposed Plaintiff on August 5, 2021. (ECF 21-1 at 2). Defendant contends that during the deposition it became apparent that Plaintiff had not produced a significant

number of documents and certain information responsive to Defendant's discovery requests. (*Id*.). Defendant further states that its attempts to seek that information from Plaintiff after the deposition were not fruitful. (*Id.* at 2-3).

On October 19, 2021, Plaintiff's attorney filed a motion to withdraw his representation, citing an irretrievable breakdown in attorney-client communications. (ECF 17). On October 27, 2021, Defendant filed the instant motion to compel, seeking an order to compel Plaintiff to *fully* respond to its first set of discovery requests. (ECF 21). On October 28, 2021, the Court held a hearing on the motion to withdraw, granting the motion and staying the case for thirty days to afford Plaintiff time to retain new counsel. (ECF 22). At a status conference on November 29, 2021, the Court extended the stay until January 5, 2022, because Plaintiff was still seeking counsel. (ECF 27). After Plaintiff failed to appear at a status conference on January 5, 2022, the Court set a show-cause and status hearing for January 26, 2022. (ECF 28, 29).

Plaintiff still had not retained new counsel by the January 26, 2022, show-cause and status hearing. (ECF 30). The Court granted Plaintiff's counsel's motion to withdraw and lifted the stay on the case, with Plaintiff proceeding *pro se*. (*Id.*). The Court ordered Plaintiff to respond to the motion to compel on or before March 4, 2022. (ECF 30). However, on March 21, 2022, Defendant reported that Plaintiff still had not responded to the motion to compel or supplemented his prior discovery responses as requested in the motion. (ECF 35).

### B. Applicable Law

Under Federal Rule of Civil Procedure 37, a party is permitted to file a motion to compel discovery where another party fails to respond to interrogatories or requests for production of documents. *See Redmond v. Leatherwood*, No. 06-C-1242, 2009 WL 212974, at *1 (E.D. Wis. Jan.

29, 2009). Together with the motion to compel, a party must file "a separate certification that the party has conferred in good faith or attempted to confer with other affected parties in an effort to resolve the matter raised in the motion without court action." N.D. Ind. L.R. 37-1(a); *see* Fed. R. Civ. P. 37(a)(1). "A motion to compel discovery pursuant to Rule 37(a) is addressed to the sound discretion of the trial court." *Redmond*, 2009 WL 212974, at *1 (citation omitted).

### C.  Discussion

1. Motion to Compel

Defendant has adequately attempted to confer in good faith with Plaintiff in an effort to resolve this matter without Court action. (ECF 21-3); *see* Fed. R. Civ. P. 37(a)(1); N.D. Ind. L.R. 37-1(a). Plaintiff, however, appears to have ignored Defendant's counsel's attempts to resolve the discovery dispute. Further, Plaintiff did not file a response in opposition to the motion to compel, and his time to do so has passed. (ECF 30). Consequently, on this record, the motion to compel is unopposed and will be granted. *See Redmond*, 2009 WL 212974, at *1. Plaintiff must supplement his prior discovery response with the responsive documents requested in Defendant's motion to compel on or before April 22, 2022, or risk the imposition of sanctions against him, up to and including monetary penalties and the dismissal of his case. *See Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) ("[I]t is . . . well established that pro se litigants are not excused from compliance with procedural rules.").

2. Attorney Fees and Expenses

In its motion to compel, Defendant requested an award of attorney fees pursuant to Federal Rule of Civil Procedure 37, which presumptively requires the loser "to make good the victor's costs." *Rackemann v. LISNR, Inc.*, No. 1:17-cv-00624-MJD-TWP, 2018 WL 3328140, at *2 (S.D.

3

Ind. July 6, 2018) (citation and internal quotation marks omitted).  Rule 37(a) provides that the Court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion [to compel] . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).  The Court, however, will not order the payment of fees if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii); *see also Steadfast Ins. Co. v. Auto Mktg. Network, Inc.*, No. 97 C 5696, 1999 WL 446691, at *1 (N.D. Ill. June 23, 1999).  "The burden of persuasion is on the losing party to avoid assessment of expenses and fees, rather than on the winning party [to] obtain such an award."  *Lincoln Diagnostics, Inc. v. Panatrex, Inc.*, No. 07-CV-2077, 2008 WL 4330182, at *3 (C.D. Ill. Sept. 16, 2008) (citation and internal quotation marks omitted).

     Here, there is no evidence indicating that Plaintiff's failure to respond to Defendant's motion to compel was "substantially justified."  Nor has Plaintiff shown that there are special circumstances that would make an award of fees unjust.  Consequently, at least on this record, an award of the attorney fees incurred by Defendant in preparing its motion to compel appears appropriate.  Having said that, "the Court still must be satisfied that the amount requested in obtaining the order on the motion to compel is reasonable . . . ." *Priest v. Brummer*, No. 1:06-CV-65, 2007 WL 2904086, at *2 (N.D. Ind. Oct. 3, 2007).  Accordingly, Defendant will be directed to file an affidavit detailing the amount of fees it seeks to recover and how it arrived at that amount, and Plaintiff will be permitted to file a response to Defendant's affidavit to explain what, if any, special circumstances make an award of fees against him unjust.

3. Returned Mail

Another matter necessitates attention.  Mail sent by the Court to Plaintiff at his address of record (204 N. Fort Wayne Street, Warsaw, Indiana 46580) in the past few months has been returned as undeliverable.  (ECF 31, 32, 33, 36.).  Plaintiff has already been reminded in November 2021—after prior Court mail was returned (ECF 24, 25, 26)—that he must keep the Court promptly advised of his mailing address.  (ECF 27).  "The demand that plaintiffs provide contact information is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit."  *Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006) (citation omitted).  "[L]itigants . . . bear the burden of filing notice of a change of address . . . ."  *Snyder v. Nolen*, 380 F.3d 279, 285 (7th Cir. 2004) (quotation mark omitted).  Accordingly, Plaintiff must promptly update his mailing address in writing on the record throughout the pendency of this case or risk dismissal of his case without further notice.[1]

4. Plaintiff's Telephone Calls to the Court

One final matter, the Undersigned's courtroom deputy clerk has recently received multiple telephone calls from Plaintiff stating that he does not know what to do about his case.  The Court, however, will not engage in *ex parte* communications with a party about his case, and the Court cannot give a litigant legal advice.  Therefore, Plaintiff must cease calling the Undersigned's courtroom deputy clerk asking for help with his case.  If Plaintiff seeks some type of relief in this

---

[1] The Court acknowledges that if Plaintiff is no longer at the address listed for him on the docket, this Order is unlikely to reach him.  However, it is possible that Plaintiff will attempt to determine the status of this case by visiting the clerk's office or by checking the online docket, in which case this Order would alert him that he needs to take action before the harsh sanction of dismissal is imposed.  In addition, if this Order is returned to the clerk as undeliverable, that would serve as further confirmation that Plaintiff has failed to provide his current address.

case, he must file a motion on the record stating what relief he seeks and why.[2] *See Art Akiane LLC v. Art & SoulWorks LLC*, No. 19 C 2952, 2020 WL 6733681, at *2 (N.D. Ill. Nov. 5, 2020) ("The court can only rule on the motion a party files; it cannot serve, in effect, as the lawyer for one side or the other.").

### D. Conclusion

For the foregoing reasons, Defendant's motion to compel (ECF 21) is GRANTED. *Pro se* Plaintiff Greg Southall is ORDERED to FULLY answer Defendant's First Set of Interrogatories and First Request for Production of Documents (ECF 21-1 at 4-44) by filing a supplement to his prior discovery responses (ECF 21-1 at 45-70) on or before April 19, 2022. Plaintiff is CAUTIONED that his failure to timely do so may result in sanctions, up to and including the imposition of monetary penalties against him and dismissal of his case.

Further, Plaintiff is ORDERED to file his current mailing address with the Court on or before April 19, 2022. Plaintiff is CAUTIONED that his failure to timely do so may result in the dismissal of his case.

Additionally, Plaintiff is ADMONISHED that the Court will not engage in *ex parte* communications about his case and cannot give him—or any other litigant—legal advice. Therefore, he must CEASE calling the Undersigned's courtroom deputy clerk seeking assistance with his case. If Plaintiff seeks some type of relief in this case, he must FILE A MOTION on the record stating what relief he seeks and why.

---

[2] Plaintiff was afforded ample time to obtain new counsel (from October 28, 2021 (ECF 22), to January 26, 2022 (ECF 30)), and because he has not done so, he is proceeding *pro se* in this matter. The Court will not grant any further extensions of time or stays based on Plaintiff's *pro se* status.

Finally, Defendant is AFFORDED to and including April 19, 2022, to file its affidavit in support of attorney fees for litigating the motion to compel (ECF 21). Plaintiff is AFFORDED to and including May 3, 2022, to file a response to the fee affidavit.

SO ORDERED.

Entered this 5th day of April 2022.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge